**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**VALARIE EATON**                                                                         **PLAINTIFF**

    **v.**                            **CASE NO. 3:09-CV-00089 BSM**

**COASTAL ASSET MANAGEMENT**                             **DEFENDANT**

**ORDER**

Before the court is plaintiff Valarie Eaton's motion for default, which the court will construe as a Federal Rule of Civil Procedure 55(a) motion for entry of Clerk's default. Defendant Coastal Asset Management ("CAM") has not responded. For the reasons set forth below, the motion is denied without prejudice.

On June 8, 2009, plaintiff Valarie Eaton ("Eaton") filed her complaint against CAM alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Eaton alleges that CAM is a business entity engaged in the collection of debt within the State of Arkansas with its principal place of business in California. On July 20, 2009, Eaton filed her motion for default stating that defendant was served on June 24, 2009, and the answer or responsive pleading was due by July 15, 2009. In support of her motion, Eaton submits an affidavit of the process server attesting to personal service of the summons and complaint to "John Doe" at 20422 Beach Blvd., Suite 245, Huntington Beach, California, 92648, on June 24, 2009. Eaton accurately states that CAM has failed to answer or otherwise plead.

Federal Rule of Civil Procedure 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been field, a domestic or foreign corporation, or a partnership or other

unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so required–by also mailing a copy of each to the defendant . . .

Rule 4(e)(1) provides for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

In Arkansas, a plaintiff can serve a domestic or foreign corporation, a partnership, a limited liability company, or any unincorporated association subject to suit under a common name by "delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons." Ark. R. Civ. P. 4(d)(5).

Under California law, a summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on

> December 31, 1976, with respect to corporations to which they remain applicable).
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.
>
> (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b).
>
> (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

Cal. Civ. Proc. Code § 416.10.

Here, it is not clear that plaintiff has properly served defendant CAM under federal law, Arkansas law, or California law, as the summons names "John Doe" as the party served and provides no indication of the authority or title of that person. Therefore, the court will deny the motion without prejudice. Of course, Eaton may renew its motion if she can sufficiently demonstrate that she has served the summons and complaint on defendant CAM in accordance with the Federal Rules of Civil Procedure. The court notes that the 120-day time limitation for service has not expired. Fed. R. Civ. P. 4(m).

Accordingly, plaintiff Valarie Eaton's motion for default (Doc. No. 2) is denied without prejudice.

IT IS SO ORDERED THIS 11th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE